## Case No. 14,836.

### UNITED STATES v. COLLINS.

[2 Curt. 194.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1854.

SEAMEN—INDICTMENT FOR FLOGGING—CRUEL AND UNUSUAL PUNISHMENT.

Flogging is not "a cruel and unusual punishment," within the meaning of the third section of the act of March 3, 1835 (4 Stat. 776). The defendant should have been indicted for beating and wounding the seaman.

[Cited in Riley v. Allen, 23 Fed. 48; U. S. v. Trice, 30 Fed. 492.]

This was an indictment against [Walter Collins] the master of a vessel of the United States, under the act of March 3, 1835 (4 Stat. 776), for inflicting on one of the crew a cruel and unusual punishment. The case opened by the district attorney was that the defendant had inflicted the punishment of flogging, abolished by the act of September, 1850 (9 Stat. 515).

Dist. Atty. Brown, for the United States.
Mr. Potter, contra.

CURTIS, Circuit Justice. I do not think you can maintain this indictment by proving the case opened. The act describes four distinct offences. Beating or wounding, imprisoning, deprivation of suitable food and nourishment, infliction of any cruel and unusual punishment. Each of these is a substantive criminal act, when proceeding from malice, and without justifiable cause, and one of these offences cannot be properly described in the indictment by words used in the act of congress to describe another offence. If the defendant inflicted the punishment of flogging, from malice, he should

have been indicted for beating and wounding the seaman, not for inflicting a cruel and unusual punishment. That clause was not designed to include the punishment of flogging, which was not an unusual punishment when the act of 1835 was passed. On the contrary, it was the kind of punishment then most usual, and known to and sanctioned by the law. However unjustifiably it may have been inflicted, it is not a kind of punishment against which these particular words in the act were directed, and consequently the defendant must be acquitted.